

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. D. Looney
County Auditor
Bowie County
Boston, Texas

Dear Sir:

Opinion Number O-4829
Re: Whether government
reservation is part
of school district.

We have received your letter of recent date which we quote, in part, as follows:

"We have a government reservation in this county on which two munitions plants are located. The east side of this reservation was in the Redwater Independent School District prior to the time the reservation was set up which was in July of 1941. On the east side of this reservation, and upon the land formerly included in the Redwater Independent School District, some houses have been built for the employees in the munition plant. The question now arises as to whether this land which is within the government reservation (Lone Star Munitions Plant) is still a part of the Redwater Independent School District.

"Several children live within this reservation in the houses built by the government for its employees. The question of providing school facilities for these children has arisen, and we want to know the status of this district."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The question in which you are interested is whether the land composing the reservation is still part of the school district so that its resident scholastics are entitled to a public free school education. We are of the opinion that such land is still a part of the school district.

As far as we can determine from an examination of the statutes of this State, the ownership of land in no way affects the boundaries of a school district. In other words, the boundaries of a school district are not affected because the ownership of land within its confines is changed. True, the State or Federal Government or some charitable institution might acquire property within a school district and thus make such property exempt from school taxes, but it does not follow that upon such an acquisition the property is removed from the district or that the boundary lines are altered.

It could hardly be contended that the individuals who reside in houses or buildings which are part of a Federal housing project, the title of which is in the Federal Government, are not residents of the State, county, and school district in which such project is located. We are of the opinion that those people who reside in a government reservation occupy the same status.

Article 2901, Revised Civil Statutes of Texas, provides as follows:

"Every child in this State of scholastic age shall be permitted to attend the public free schools of the district or independent district in which it resides at the time it applies for admission, notwithstanding that it may have been enumerated elsewhere, or may have attended school elsewhere part of the year".

You are, therefore, advised that the territory in Redwater school district which was taken over by the Federal Government as a government reservation, as described in your

letter, is still a part of the school district, and that the scholastics who reside in such territory are entitled to receive a public free school education in said school district. In other words, the status of such scholastics is the same as that of any other scholastics residing in the district.

This conclusion is consistent with the one reached in Opinion No. O-762 wherein it was held that the inmates of the Methodist Orphanage in Waco, Texas, are resident scholastics of the Waco Independent School District and, as such, are entitled to receive a public free school education in the schools maintained by the Waco Independent School District.

Article 2756b, Vernon's Annotated Civil Statutes, provides that the State Board of Education may establish an independent school district upon any military reservation in this State. However, we do not believe that the government reservation described in your letter is a military reservation under the statute.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _George W. Sparks_
George W. Sparks
Assistant

GWS-s